# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY SHARP, | Case No. 1:13-cv-02028-BAM |
| Plaintiff, | ORDER AFFIRMING AGENCY'S DENIAL OF BENEFITS AND ORDERING JUDGMENT FOR COMMISSIONER |
| v. | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

Plaintiff Terry Sharp ("Plaintiff") seeks judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying his applications for disability insurance benefits and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act, respectively.[1]  The matter is before the Court on the parties' briefs, which were submitted without oral argument to Magistrate Judge Barbara A. McAuliffe.  The Court finds the decision of the Administrative Law Judge ("ALJ") to be supported by substantial evidence in the record as a whole and based upon proper legal standards.  Accordingly, this Court affirms the agency's determination to deny benefits.

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties consented to conduct all further proceedings in this case before the Honorable Barbara A. McAuliffe, United States Magistrate Judge. (Docs. 6, 9).

1

## FACTS AND PRIOR PROCEEDINGS

On August 23, 2011 and September 8, 2011 Plaintiff filed his current applications for DIB and SSI beginning on April 22, 2009. AR 219, 225.[2] Plaintiff's applications were denied initially and on reconsideration. AR 141, 155. Subsequently, Plaintiff requested a hearing before an ALJ. AR 162-163. ALJ Serena S. Hong held a hearing on May 14, 2013, and issued an order denying benefits on June 21, 2013. AR 19-27. The ALJ's decision became the final decision of the Commissioner of Social Security when the Appeals Council denied Plaintiff's request for review on October 11, 2013. AR 1-3. This appeal followed.

**Plaintiff's Testimony**

The ALJ held a hearing on May 14, 2013, in Fresno, California. AR 32-64. Plaintiff appeared and testified. AR 19. He was represented by attorney Charles Oren. AR 19.[3]

Plaintiff was born on March 27, 1963, and was 50 years old at the time of the hearing. AR 36. He is single, without children, and lives with his parents. AR 36. Plaintiff has a 12th grade education, but has not completed his GED. AR 37. Plaintiff testified that he began having hip, back, and neck pain after a bike accident in 2009. AR 40-41. He sees his doctor once a month and is currently taking Tramadol for pain. AR 42. Plaintiff also takes Metformin for diabetes and Allopurinol for gout. AR 44. He has not worked since 2008 when the company he was working for closed. AR 40.

As a result of his impairments, Plaintiff claims that he cannot bend over to tie his shoes on his right side. AR 41. Plaintiff also struggles to pick-up items off the floor. AR 43. Sitting or standing for longer than one to two hours aggravates his pain. AR 46. He also cannot completely turn his head from side-to-side or up and down. AR 47. While Plaintiff attended physical therapy, he testified that it was ineffective. AR 43. Plaintiff also testified that he is ineligible for hip replacement surgery because he is overweight. AR 42-43.

When asked about his daily activities, Plaintiff stated that he cleans his room, sweeps the carpet, does dishes, washes laundry, and occasionally cooks. AR 48. He also goes grocery shopping

---

[2] References to the Administrative Record will be designated as "AR," followed by the appropriate page number.

[3] Vocational Expert Judith Najarian also testified at the hearing; however, the VE testimony is unrelated to Plaintiff's appeal.

2

with his mom, feeds his dog, and walks him around the block. AR 48-49. Plaintiff no longer drives because of a prior DUI conviction, but he no longer drinks alcohol. AR 37. Plaintiff also testified that he typically lies down for five-to-six hours during the day. AR 51.

**Medical Record**

The entire medical record was reviewed by the Court. AR 298-518. The medical evidence will be referenced below as necessary to this Court's decision.

**The ALJ's Decision**

Using the Social Security Administration's five-step sequential evaluation process, the ALJ determined that Plaintiff did not meet the disability standard. AR 19-27. More particularly, the ALJ found that Plaintiff had not engaged in any substantial gainful activity since April 22, 2009. AR 21. Further, the ALJ identified degenerative disc disease, degenerative joint disease of the right hip, diabetes mellitus, status-post cervical spine fracture, and obesity as severe impairments. AR 21. Nonetheless, the ALJ determined that the severity of Plaintiff's impairments did not meet or exceed any of the listed impairments. AR 25.

Based on his review of the entire record, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work, except he can only occasionally perform postural activities. AR 22. He also found that Plaintiff could perform a significant number of other jobs that exist in the national economy including, ticket taker, parking attendant, and school bus monitor. AR 25-26. As a result, Plaintiff was not disabled under the Social Security Act. AR 26.

### SCOPE OF REVIEW

Congress has provided a limited scope of judicial review of the Commissioner's decision to deny benefits under the Act. In reviewing findings of fact with respect to such determinations, this Court must determine whether the decision of the Commissioner is supported by substantial evidence. 42 U.S.C. § 405 (g). Substantial evidence means "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 402 (1971), but less than a preponderance. *Sorenson v. Weinberger,* 514 F.2d 1112, 1119, n. 10 (9th Cir. 1975). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). The record as a whole must be considered, weighing both the evidence that supports and the evidence that detracts from the Commission's conclusion. *Jones v. Heckler*, 760

3

F.2d 993, 995 (9th Cir. 1985).  In weighing the evidence and making findings, the Commission must apply the proper legal standards.  *E.g., Burkhart v. Bowen*, 856 F.2d 1335, 1338 (9th Cir. 1988). This Court must uphold the Commissioner's determination that the claimant is not disabled if the Secretary applied the proper legal standards, and if the Commission's findings are supported by substantial evidence. *Sanchez v. Sec'y of Health and Human Serv.*, 812 F.2d 509, 510 (9th Cir. 1987); *see also Andrews v. Shalala,* 53 F.3d 1035, 1039 (9th Cir. 2002).

## REVIEW

In order to qualify for benefits, a claimant must establish that he or she is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. § 1382c (a)(3)(A).  A claimant must show that he or she has a physical or mental impairment of such severity that he or she is not only unable to do his or her previous work, but cannot, considering his or her age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.  *Quang Van Han v. Bowen*, 882 F.2d 1453, 1456 (9th Cir. 1989).  The burden is on the claimant to establish disability.  *Terry v. Sullivan*, 903 F.2d 1273, 1275 (9th Cir. 1990).

## DISCUSSION

Plaintiff's sole argument is that the ALJ failed to provide clear and convincing reasons for discrediting his subjective symptom testimony.  (Doc. 18 at 4-14).  In response, the Commissioner asserts that the ALJ adequately articulated her reasons for discrediting Plaintiff.  (Doc. 19 at 3-6).  A review of the record reveals the ALJ properly assessed Plaintiff's credibility.

In deciding whether to admit a claimant's subjective complaints of pain, the ALJ must engage in a two-step analysis. *Batson v. Comm'r of Soc. Sec. Admin.,* 359 F.3d 1190, 1196 (9th Cir. 2004). First, the claimant must produce objective medical evidence of his impairment that could reasonably be expected to produce some degree of the symptom or pain alleged. *Id.* If the claimant satisfies the first step and there is no evidence of malingering, the ALJ may reject the claimant's testimony regarding the severity of his symptoms only if he makes specific findings and provides clear and convincing reasons for doing so.  *Id.*  The ALJ must "state which testimony is not credible and what evidence suggests the complaints are not credible."  *Mersman v. Halter*, 161 F.Supp.2d 1078, 1086

4

(N.D. Cal. 2001) ("The lack of specific, clear, and convincing reasons why Plaintiff's testimony is not credible renders it impossible for [the] Court to determine whether the ALJ's conclusion is supported by substantial evidence."); SSR 96-7p (ALJ's decision "must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and reasons for that weight."). Other factors an ALJ may consider include: (1) the applicant's reputation for truthfulness, prior inconsistent statements or other inconsistent testimony; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the applicant's daily activities. *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996). Work records, physician and third party testimony about nature, severity, and effect of symptoms, and inconsistencies between testimony and conduct also may be relevant. *Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997).

Here, the ALJ gave the following reasons for discounting Plaintiff's credibility:

> Overall, the treatment records reveal only conservative pain management and monitoring. The claimant has not received injections, sustained narcotic pain medications, surgical intervention, or other aggressive treatment modalities. The undersigned finds this suggests the claimant's symptoms are controlled with conservative measures.

AR 24.

> The claimant's daily activities are not commensurate with his allegations of severe pain and limitation. Furthermore, his testimony at the hearing was not entirely persuasive or consistent with the objective medical evidence of record. Therefore, the undersigned finds the claimant's allegations were not fully credible.

AR 25.

The ALJ provided several clear and convincing reasons for diminishing Plaintiff's credibility including: 1) Plaintiff's conservative treatment; 2) inconsistencies between the Plaintiff's reported symptoms and the medical evidence; and 3) inconsistencies in Plaintiff's testimony regarding his activities of daily living. These findings are supported by the record.

First, Plaintiff testified at the hearing that he has positively responded to conservative treatment. At the hearing, Plaintiff explained that his current medication, Tramadol, relieves his back pain. AR 42. Plaintiff was also previously prescribed Vicodin for pain; however the record shows that on March 19, 2012, Plaintiff's regular physician, Sudhakar P. Nadipally, M.D., told Plaintiff that he would no longer prescribe "controlled substances" for Plaintiff's backache. AR 401-403.

5

Instead, Dr. Nadipally replaced Plaintiff's medication with "low-dose Tylenol." AR 403-404. The ALJ properly considered Plaintiff's conservative level of treatment when evaluating his credibility. *See Warre v. Comm'r Soc. Sec.* 439 F. 3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for disability); *Matthews v. Shalala,* 10 F. 3d 678, 680 (9th Cir. 1993) (claimant's allegations of disabling symptoms not credible where claimant use of medications controls symptoms).

In addition, Plaintiff received physical therapy that proved to be effective in April 2012. AR 492-497. Before starting therapy Plaintiff could only walk for 20 minutes, lift 5-8 pounds, and he was not sleeping through the night. AR 497. After only four weeks of physical therapy Plaintiff could walk for 25 minutes, lift 15 pounds from the floor without back pain, and he was sleeping through the night. AR 492. Despite his successes, Plaintiff later refused to attend more physical therapy even though it was offered on January 21, 2013. AR 516. It was proper for the ALJ to rely on Plaintiff's refusal to accept successful treatment. *See Fair v. Bowen*, 885 F.2d 597, 603-04 (9th Cir. 1989) (claiming severe conditions yet receiving minimal, conservative, or no treatment is a basis to reject claimant's testimony; additionally, failure to follow prescribed treatment can be considered in determining credibility). The ALJ also properly relied on evidence that Plaintiff did not seek injections, surgery, or other more aggressive treatment options. AR 24. *See Burch v. Barnhart,* 400 F.3d 676, 681 (9th Cir. 2005) (finding that the claimant's pain was not severe enough to motivate her to injections or surgery is "powerful evidence" regarding the extent of pain).

Next, the objective medical evidence supports the ALJ's conclusion that Plaintiff's subjective symptom complaints were not entirely credible. For example, on November 5, 2010, Plaintiff reported to Peachwood Medical Group with complaints of back pain after trying to move a 300 to 400 pound stove. AR 343-344. Less than two weeks later on November 17, 2010, Plaintiff's examination showed normal gait, station, and balance. AR 340. During a visit with his primary care physician, Dr. Nadipally, on March 19, 2012, progress notes described Plaintiff's neck pain as mild. AR 403. On January 21, 2013, Plaintiff complained of ankle pain, however, the physical exam showed no heat, swelling, joint deformity, erythema, or effusion and he had full range of motion. AR 516. Given that the record demonstrates that Plaintiff's subjective complaints frequently contradict his medical records; it was proper for the ALJ to rely on this evidence. *See Rollins v. Massanari*, 261

F.3d 853, 857 (9th Cir. 2001) ("While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects"); *See also Johnson v. Shalala*, 60 F.3d 1428, 1434 (9th Cir. 1995) (inconsistencies between the record and medical evidence supports a rejection of a claimant's credibility).

The ALJ also properly relied upon the findings of Dr. Tomas Rios M.D., a consultative internist, who conducted a thorough physical examination of Plaintiff on November 22, 2011. AR 394-400. Dr. Rios noted that although an examination of Plaintiff's neck revealed tenderness to palpation along the mid and lower region, the Spurling's test was negative for root irritation and there was no atrophy in the upper extremities. AR 399. Dr. Rios also found that despite complaints of pain, examination of the right hip revealed that full range of motion was accomplished. AR 399. Plaintiff was diagnosed with degenerative disc disease of the cervical spine, diabetes mellitus, and degenerative joint disease. AR 399. Dr. Rios opined that plaintiff could sit, stand, or walk up to six hours, lift 20 pounds occasionally and 10 pounds frequently, occasionally climb, and frequently balance, stoop, kneel, crouch, crawl, reach, and handle.  He also noted that no assistive devices were needed. AR 399. This was a proper consideration by the ALJ. *See Tidwell v. Apfel*, 161 F.3d 599, 601-602 (9th Cir. 1998) (finding a mild or minor medical condition with all other tests reporting normal provides a basis for rejecting claimant's testimony of severity of symptoms); *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001) (consultative examiner's opinion may constitute substantial evidence because it is based on examiner's independent findings and observations).

Lastly, the ALJ also noted that Plaintiff's daily activities were inconsistent with his subjective symptom complaints. AR 25. Plaintiff disputes the legal sufficiency of this reason because his daily activities were not transferable to a work setting. However, the ALJ did not find that Plaintiff's daily activities were transferable to a work setting.  Rather, the ALJ relied on evidence of Plaintiff's daily activities to demonstrate that Plaintiff's lifestyle is inconsistent with the severity of his subjective symptom complaints. An ALJ may consider inconsistencies between a claimant's activities and his subjective complaints. *See Valentine v. Astrue*, 574 F.3d 685, 693 (9th Cir. 2009) (ALJ properly determined that the claimant's daily activities "did not suggest [the claimant] could return to his old job at Cummins, but . . . did suggest that [the claimant's] later

claims about the severity of his limitations were exaggerated"). For example, Plaintiff testified that he cleans his room, sweeps the carpet, washes dishes, does laundry, and occasionally cooks. AR 23, 48. He also goes grocery shopping with his mom, cares for his dog, and walks around the block. AR 23, 48-49. Plaintiff also reported to Dr. Nadipally that he is able to perform his daily activities well. AR 403. *See Thomas,* 278 F.3d at 959 (claimant's "ability to perform various household chores such as cooking, laundry, washing dishes and shopping," among other factors, bolstered "the ALJ's negative conclusions about [her] veracity"). It was therefore proper for the ALJ to determine that Plaintiff activities of daily living were inconsistent with his subjective complaints. *See Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) (the ALJ may consider "whether the claimant engages in daily activities inconsistent with the alleged symptoms").

Given the above, the ALJ provided clear and convincing reasons that are supported by substantial evidence when concluding Plaintiff's subjective symptom testimony was not credible. Here, the ALJ clearly identified what testimony he found not credible and what evidence undermined Plaintiff's complaints. *Lester v. Chater,* 81 F.3d at 834. If the ALJ's finding is supported by substantial evidence, the court "may not engage in second-guessing." *Thomas,* 278 F.3d at 959. Accordingly, the ALJ's credibility findings are free of legal error.

## **CONCLUSION**

Based on the foregoing, the Court finds that the ALJ's decision is supported by substantial evidence in the record as a whole and is based on proper legal standards. Accordingly, this Court **DENIES** Plaintiff's appeal from the administrative decision of the Commissioner of Social Security. The Clerk of this Court is **DIRECTED** to enter judgment in favor of Defendant Carolyn W. Colvin, Acting Commissioner of Social Security and against Plaintiff, Terry Sharp.

IT IS SO ORDERED.

Dated: **March 19, 2015**        /s/ *Barbara A. McAuliffe*
                           UNITED STATES MAGISTRATE JUDGE